EXHIBIT "A"

# New Jersey Police Crash Investigation Report

☑ Reportable   ☐ Non-Reportable   ☐ Change Report

| | |
|---|---|
| 1 Case Number | CP-2018-00743 |
| 10 Crash Occurred On | HAWKS BRIDGE RD |
| ☑ At Intersection with | Road Name |
| 11 Speed Limit | 40 |
| 12 Route No | 140 |
| 2 Police Dept. of | CARNEYS POINT |
| Code | 01 |
| 3 Station/Precinct | CARNEYS POINT TWP |
| 18 Speed Limit | 25 |
| 4 Date of Crash | 01 26 18 | 5 Day of Week Fri | 6 Time 12:08 | 7 Municipality Code 1713 |

**Driver 1**

- 23 Veh # 1
- 24 Policy No1 CAC 00001-07041-17
- 25 NJ Ins Code
- ☑ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run
- 29 Driver's First Name PRABHJOT   Last Name KAUR   Sex F
- 27 Number & Street 3233 DEWAR LN
- 28 City TURLOCK   State CA   Zip 95382
- 30 Eyes 02   DL Class A   31 State CA
- 32 Drivers License No F5057075   33 DOB 03 09 93   34 Expires 09 18
- 35 Owner's First Name   ☐ Same As Driver WHITE GOLD TRANSPORT INC
- 36 Number & Street 3399 CATHEDRAL CIR
- 37 City STOCKTON   State CA   Zip 95212
- 38 Make FRHT 39 Model TR 40 Color WHITE 41 Year 2018 42 Plate No XP10967 43 State CA
- 44 VIN 3AKJHHDR2JSJU0925   45 Expires 11 18
- 46 Vehicle Removed To
- ☑ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded ☐ Left at Scene ☐ Towed Impounded
- 47 Authority ☐ Owner ☑ Driver ☐ Police
- 48 Alcohol/Drug Test Given: ☑ No ☐ Yes ☐ Refused   Type: ☐ Breath ☐ Blood ☐ Urine   Results: 0 . %  ☐ Pending
- 49 Hazardous Material ☐ None ☐ On Board ☐ Spill
- 50 Carrier No. ☑ USDOT 2643241 ☐ None ☐ MC/MX
- 51 Commercial Vehicle Weight ☐ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☑ > 26,001 lbs
- 52 Carrier name

**Driver 2**

- 53 Veh # 2
- 54 Policy No AOJ-238-220550-75 7 1
- 55 NJ Ins Code 183
- ☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp to Emergency ☐ Hit & Run
- 56 Driver's First Name TAMMY D   Last Name MENARD   Sex F
- 57 Number & Street 20 KING STREET
- 58 City PENNSVILLE   State NJ   Zip 08070-1122
- 60 Eyes 05   DL Class D   Restrictions NONE   Endorsements NO   61 State NJ
- 62 Drivers License No M24957326456775   63 DOB 06 01 77   64 Expires 03 19
- 65 Owner's First Name ☑ Same As Driver TAMMY D MENARD
- 66 Number & Street 20 KING STREET
- 67 City PENNSVILLE   State NJ   Zip 08070-1122
- 68 Make PON 69 Model VIB 70 Color GRAY 71 Year 2006 72 Plate No A37JDW 73 State NJ
- 74 VIN 5Y2SL65816Z440959   75 Expires 10 18
- 76 Vehicle Removed To
- ☑ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded ☐ Left at Scene ☐ Towed Impounded
- 77 Authority ☐ Owner ☑ Driver ☐ Police
- 78 Alcohol/Drug Test Given: ☑ No ☐ Yes ☐ Refused   Type: ☐ Breath ☐ Blood ☐ Urine   Results: 0 . %  ☐ Pending
- 79 Hazardous Material ☐ None ☐ On Board ☐ Spill
- 80 Carrier No. ☐ USDOT ☐ None ☐ MC/MX
- 81 Commercial Vehicle Weight ☐ ≤ 10,000 lbs ☐ 10,001 - 26,000 lbs ☐ > 26,001 lbs
- 82 Carrier name

135 Damage To Other Property ☐ Yes (if yes, describe) ☑ No

| | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Address of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 01 | 01 | 01 | -- | 24 | F | -- | -- | 01 | 11 | 04 | -- | -- | KAUR, PRABHJOT 3233 DEWAR LN. TURLOCK CA 95382 |
| B | 02 | 03 | 01 | -- | 30 | M | -- | -- | 01 | 11 | 04 | -- | -- | TOOR, KAMALJIT S 1903 ARAKELIAN WAY, TURLOCK CA |
| C | 03 | 01 | 01 | -- | 40 | F | -- | -- | 01 | 11 | 04 | -- | -- | MENARD, TAMMY D 20 KING STREET, PENNSVILLE NJ 08070-1122 |
| D | 04 | 03 | 01 | -- | 22 | M | -- | -- | 01 | 11 | 04 | -- | -- | MENARD, JUSTIN M 102 CHESTER AVE APT A, CARNEYS POINT TWP NJ 0 |

NJTR- 1 (Rev. 01/17)        Police Copy

Received Date: 04/30/2018

| | | | New Jersey Police | | | | | | | | | Case Number | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Crash Investigation Report | | | | | | | | | CP-2018-00743 | | PAGE 2 OF 2 | | |

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Address of Occupants If Deceased, Date & Time of | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| F | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| G | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| H | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| I | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |
| J | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- | -- |

**144 Crash Diagram**

Show North by Arrow
(Not to Scale)



**145 Crash Description**

Vehicle 2 Insurance Information:

Company: Biba Insurance Services
Policy #: CAC 00001-07041-17
Address: 17908 Murphy Parkway, Lathrop, CA 95330
Phone Number: (209)-858-9656
Fax Number: (209)-858-9650
Email: INFO@BIBAINS.COM

Investigation revealed the operator of Vehicle 1 was attempting to make a left turn (eastbound) onto Hawks Bridge Rd from the New Jersey Turnpike exit ramp. At that time, the left side of the trailer from Vehicle 1 struck the front of Vehicle 2. No summons issued.

| 146 Officer's Signature | 147 Badge No. | 148 Reviewed By | Badge No. | 149 Case Status |
|---|---|---|---|---|
| PATROLMAN HAINES, 3RD, DONALD C. | 1155 | SERGEANT GIORDANO, | 1116 | ☐ Pending ☑ Complete |

NJTR - 1 (Rev. 01/17)

Received Date: 04/30/2018

EXHIBIT "B"

LUNDYLAW, LLP
BY: **Paul A. Sochanchak, Esquire**          ATTORNEY FOR PLAINTIFF
Attorney I.D.#: 032181997
1040 North Kings Highway, Suite 305
Cherry Hill, NJ 08034
856-382-1301

| | |
|---|---|
| TAMMY D. MENARD; | |
| Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| | GLOUCESTER COUNTY |
| vs. | |
| WHITE GOLD TRANSPORT, INC.;<br>PRABHJOT KAUR;<br>JOHN DOES, 1 through 10 (fictitious named<br>defendants),<br>JOHN ROES 1 through 10 (fictitious named<br>defendants),<br>JOHN MOES 1 through 10 (fictitious named<br>defendants),<br>JOHN HOES 1 through 10 (fictitious named<br>Defendants), individually, jointly, severally and/or in<br>the alternative, | Civil Action<br><br>**DOCKET NO.:**<br><br>**COMPLAINT AND JURY DEMAND** |
| Defendant(s) | |

Plaintiff(s), Tammy D. Menard residing at 120 Chester Ave. in the Township of Deepwater, State of New Jersey by way of Complaint say:

## FIRST COUNT

1.      On or about January 26, 2018, the plaintiff, Tammy D. Menard, was the operator of an automobile which was traveling westbound on Hawks Bridge Road in the Township of Carneys Point, State of New Jersey.

2.      On said date, defendant, Prabhjot Kaur, was operating a tractor trailer owned by his employer (and/or defendant, Prabhjot was an agent of defendant, White Gold Transport, Inc.), defendant, White Gold Transport, Inc., (hereinafter, White Gold) that was traveling at or near the NJ Turnpike Southbound exit ramp, in the Township of Carneys Point, State of New Jersey, when he attempted to make a left hand turn

onto eastbound Hawks Bridge Road, but struck the vehicle operated by the plaintiff, Tammy D. Menard, causing plaintiff to suffer severe personal injuries.

3.      Defendant, Prabhjot Kaur, was negligent in the operation of his said vehicle in that he negligently operated his vehicle, was inattentive and careless, failed to yield the right of way, and with negligence, caused a collision between his automobile and the automobile in front of him.

4       Defendant, White Gold, was negligent vicariously and in entrusting, supervising, hiring, training, and/or retaining the employment and or services of its employee and/or agent, defendant, Prabhjot Kaur and/or authorizing the use of the vehicle operated by the defendant, Prabhjot Kaur.

5.      At all times herein mentioned, defendant, Prabhjot Kaur, was an agent, servant, and/or employee of defendant, White Gold, and was in the course of, and scope of, his employment and/or service.

6.      At all times herein mentioned, defendant, John Doe 1-10 (a fictitious name designating the operator of the motor vehicle, hereinafter John Doe) was operating a vehicle being owned by defendant, John Roe 11-20, (a fictitious name designating the owner of the motor vehicle, herein after John Roe) which was traveling at or near the NJ Turnpike Southbound exit ramp in the Township of Carneys Point, State of New Jersey.

7.      At all times herein mentioned, defendant, John Roe, was negligent vicariously and in entrusting, supervising, hiring training and/or authorizing the use of the vehicle operated by the defendant, John Doe and/or defendant, Prabhjot Kaur.

8.      At all times herein mentioned, defendant, John Moe 1-10, (a fictitious name designating the employer and/or superior of defendant, Prabhjot Kaur, herein after John Moe) was negligent vicariously and in entrusting, supervising, hiring, training, and/or retaining the employment/services of defendant, Prabhjot Kaur and/or authorizing the use of the vehicle operated by the defendant, Prabhjot Kaur.

9.      At all times herein mentioned, defendant, John Hoe 1-10, (a fictitious name designating the

owner, leasor and/or lease of the trailer, and/or the individual, company and/or business entity that loaded the trailer, that was attached to the vehicle operated by defendant, Prabhjot Kaur and/or John Doe at the time of the above accident, herein after John Hoe), was negligent in the loading of the trailer, including but not limited to overloading the trailer, which negatively impacted the operation, handling, turning and/or braking of the vehicle/tractor operated by defendant, Prabhjot Kaur and/or John Doe.

10.    On said date, the vehicle owned by defendant, White Gold and operated by the defendant, Prabhjot Kaur, was being operated in a careless, reckless and/or negligent manner which caused said vehicle to collide with the vehicle being driven by the plaintiff, Tammy D. Menard. As a result of said carelessness, negligence and/or reckless manner which said vehicle was being operated, controlled, maintained by said named defendants, the plaintiff, Tammy D. Menard, was caused to suffer serious and permanent injuries to her head limbs and body; was caused to suffer pain and may in the future by caused to suffer pain, was caused to incur medical expenses and may in the future be caused to incur medical expenses; was caused to suffer permanent injuries and was caused to lose time from her employment and may in the future be caused to lose time from her employment; was caused to suffer permanent injuries.

WHEREFORE, the plaintiff(s) Tammy D. Menard demands judgment against the defendants White Gold Transportation Inc., Prabhjot Kaur, John Doe, John Roe, John Moe, and John Hoe, jointly, severally or in the alternative for such sums as would reasonably and properly compensate plaintiff in accordance with the laws of the State of New Jersey, together with interest and costs of suit, and for whatever other relief the Court deems just and appropriate.

LUNDYLAW, LLP

By:_____

Paul A. Sochanchak, Esquire

## CERTIFICATION PURSUANT TO R. 4:5-1

Following my initial review of this matter, it appears that there are no other actions or arbitrations related to this suit pending or presently contemplated.

Following my initial review of this matter, it appears that there are no other persons who should be joined as parties.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that pursuant to R.4:25-4, Paul A. Sochanchak, Esquire is hereby designated as Trial Counsel.

## DEMAND FOR TRIAL BY JURY

The plaintiff(s) demand a trial by jury of all of the issues in the within matter.

## DEMAND FOR INTERROGATORIES

Plaintiffs hereby demand, pursuant to Rule 4:17-1 (b)(i), that Defendants respond to Form C and Form C (1) of interrogatories as set forth in Appendix II as provided by the Court Rules.

## DEMAND FOR PRODUCTION OF DOCUMENTS

Plaintiffs hereby demand, pursuant to R.4:18-1, that the defendants produce the following documents at this office within forty-five (45) days:

1.    A copy of the face sheet of all defendants' liability insurance policy in effect at the time of this accident.

2.    A copy of each defendant's umbrella/excess policy of insurance or any other insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

3.      A copy of any other insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

4.      Copies of any photographs, videotapes or other reproduction which you have in your possession, custody, or control which relate, in any manner to the incident or the injuries which plaintiff(s) claim to have been sustained as a result of the incident which is the subject of this lawsuit.

5.      Color copies of any photographs, video tapes or other reproduction which you have in your possession, custody, or control of the vehicles involved in the accident that is the subject of this lawsuit.

6.      All invoices, work orders, and estimates pertaining to mechanical and body repairs made to the tractor or trailer involved in this accident from January 26, 2018 until the present;

7.      The actual repair records (both sides) of defendants and the work orders (not computer printouts) of all repairs made to the tractor or trailer from the date of purchase/lease until January 26, 2018;

8.      All of defendants company's purchase orders which grant approval for all repairs made in response to request Number 6 and 7;

9.      All of defendants' reports for inspections of the tractor or trailer involved in the accident of January 26, 2018 and driver inspection reports on the tractor/trailer generated from the date they were purchased until present;

10.     All accident reports involving the tractor or trailer that was involved in  the accident which is the subject of this litigation from its date of purchase until January 26, 2018;

11.     Defendant Prabhjot Kaur's daily operation/driving logs for the sixty (60) days preceding and include the date of this accident.

12.     All payroll entries for defendant Prabhjot Kaur's between January 1, 2018 and February 1, 2018;

13.     All traffic citations, warnings or suspensions issued to defendants by any city, county, state or federal agency or law enforcement official from January 1, 2016 through January 26, 2018;

14.    All written materials, company manuals, company rules and regulations, directives or notices in effect at the time of the January 26, 2018 accident, issued and utilized by defendant White Gold Transportation Inc. for controlling their operators' work activities, and job performance, including any educational materials in reference to federal safety regulations given to defendant Prabhjot Kaur;

15.    All investigative reports prepared by outside agencies regarding the background of defendant Prabhjot Kaur at the time defendant White Gold Transportation Inc. hired and/or retained the services of the defendant Prabhjot Kaur;

16.    List and identify the names and addresses of all dispatchers, supervisors, foremen, and/or maintenance managers employed by the defendant White Gold Transportation Inc. from January 1, 2018 through January 26, 2018;

17.    The complete personnel file of defendant Prabhjot Kaur including, but not limited to the following:

    a.    Application for employment,

    b.    All responses of State agencies to defendant White Gold Transportation Inc. inquiries concerning defendant Prabhjot Kaur's prior driving record,

    c.    All responses of previous employers to defendant White Gold Transportation Inc.'s inquiries concerning defendant Prabhjot Kaur's past employment,

    d.    All copies of annual reviews of defendant Prabhjot Kaur's driving record and employment record,

    e.    List of violations of motor traffic laws and other driving infractions,

    f.    Results of any road test or equivalent,

    g.    Documents relating to controlled substance and alcohol testing of defendant Prabhjot Kaur to include pre-employment, random and post-accident testing.

18.     Company or outside log audits of defendant Prabhjot Kaur logs from January 1, 2018 through January 26, 2018;

19.     All of defendant Prabhjot Kaur's time records from January 1, 2018  through January 26, 2018;

20.     Records of defendant Prabhjot Kaur's initial and subsequent tractor/trailer driving training by defendant White Gold Transportation Inc. to include curriculum covering safe operating practices, i.e., speed management, use of highway shoulders, hazard perception and emergency maneuvers;

21.     All documents regarding either defendants' policy as to the safety inspection of its tractor or trailers;

22.     All psychological/psychiatric records, abstracts, notes or other correspondence from or to any psychologist, psychiatrist, neurophysiologist from whom plaintiff(s) sought treatment or consultation at any time prior to or since the accident that is the subject of this lawsuit.

23.     A copy of all medical records regarding any treatment or consultation sought or received, by plaintiff(s) as a result of the incident that is the subject of this lawsuit before or thereafter.

24.     Any documents which you claim supports the separate defenses set forth in your responsive Pleading to Plaintiff(s) Complaint and your Answers to Interrogatories or rebuts the allegations set forth in plaintiff(s) Complaint or his/her Answers to Interrogatories.

25.     Any and all documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of the accident that is the subject of this lawsuit.

26.     A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of defendant(s) that relates to the disputed facts alleged with particularity in the pleadings.

27.     A copy of all written reports prepared and signed by any person who may be used at trial under Evidence Rule 702, 703 or 705.

28.     Copies of all notes, records, and reports or all doctors, physiatrists, nurses, psychiatrists, psychologists, neurophysiologist, neurologist, or any other healthcare professional retained by defendant(s) for purposes of performing an examination and evaluation on the plaintiff(s).

29.     Any written statement which you or your counsel have in your possession regarding any of

the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading or with respect to any damages.

30.   Any and all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a Judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy Judgment pursuant to R4:10-2(b).

31.   Copies of any and all documents, not otherwise set forth, which was sent to or received from the plaintiff(s).

32.   Copies of any and all statements and other documents obtained by any person or entity which concern or relate to plaintiff(s) Complaint or any defendant(s) Answers, Separate Defense or Counterclaim.

33.   Any and all documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, his/her agents or employees.

34.   Any and all documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

35.   Copies of any and all written reports or summaries of oral reports, as well as a copy of the Curriculum Vitae, of any and all experts that have supplied reports, whose testimony will be offered at the trial of the above matter. R.4:10-2(d)(1).

36.   Any and all diagrams, charts, models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

37.   All photographs, charts, diagrams, maps and other pictorial or graphic depictions of any matter relevant to the action whether in the possession of or under the control of or available to the defendant, the defendants attorney, or in the possession of any representative of that party's insurance carrier, including but not limited to depictions of the condition of and/or damage to physical property. Freeman vs. Lincoln Beach Motel, 182 N.J. Super. 483 (1981).

38.   Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards or other documents referred to and utilized by or relied upon any expert witness whom the party responding to this document demand intends to call at trial. R. 4:18-1(a)

39.   Any and all treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel and/or your experts intend to rely upon, utilize and/or offer into substantive evidence or to substantiate any opinions, testimony or conclusions asserted by your experts.

40.   Any and all treatises, textbooks, articles, papers, writing, commentaries and documents which you, your counsel and/or your experts intend to rely upon to rebut, examine and/or cross-examine any

witness, including expert witnesses, in this matter, including but not limited to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication and edition.

41.     Any and all transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

42.     Any and all documents concerning any and all claims for bodily injury that is in the possession, custody, or control of defendant, his/her attorney, or defendant(s) attorney.

43.     Any and all documents you have concerning any claim for bodily injuries made by plaintiff(s) other than the incident concerning this lawsuit.

44.     Copies of any and all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

45.     Any and all surveillance videos, reports, notes, memorandums or other documents respecting plaintiff.

46.     Any and all records, memoranda, forms, documents and notices relating to claims, notices or suits that have alleged the same or similar conditions(s) as alleged by plaintiff to have caused plaintiff's injury.  Your response to this request should include names and addresses of all claimants, their attorneys, insurance companies, claim numbers, defense attorneys, plaintiff and defendant liability expert reports, photographs portraying the site of accident/incident, interrogatories by all parties, demands for admissions by all parties and depositions of all deponents (if your response to this request would entail voluminous copying, you are requested to contact this office so that reasonable copying and postage expenses may be agreed upon).

47.     Any and all CIB's (Claim Index Bureau), and/or claim index searches on plaintiff.

48.     Any and all property damage appraisals/estimates and any and all supplemental appraisals/estimates for the vehicle plaintiff was occupying  at the time of the accident, the vehicle def was occupying at the time of the accident and for any other vehicles that were involved.

49.     Any and all records indicating the allowable weight and the actual weight of the load being carried at the time of the subject accident.

PLEASE TAKE FURTHER NOTICE THAT IN ACCORDANCE WITH THE NEW JERSEY RULES OF CIVIL PRACTICE AND PROCEDURE THE DEMANDS HEREIN ARE CONTINUING DEMANDS.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4-(c)

TAKE NOTICE that the undersigned attorney, counsel for the Plaintiff, does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party including any documents, papers and other materials referred to therein, upon the undersigned attorneys, and TAKE NOTICE that this is a continuing demand.

Date:  12/30/19

LUNDY LAW, LLP

BY:  _____
Paul A. Sochanchak, Esquire

GLO-L-001536-19   12/30/2019 4:16:47 PM  Pg 1 of 1 Trans ID: LCV20192395895

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-001536-19

**Case Caption:** MENARD TAMMY  VS WHITE GOLD
TRANSPORT , INC

**Case Initiation Date:** 12/30/2019

**Attorney Name:** PAUL ANTHONY SOCHANCHAK

**Firm Name:** LUNDY LAW

**Address:** 1040 NORTH KINGS HIGHWAY STE 305
CHERRY HILL NJ 08034

**Phone:** 8567559000

**Name of Party:** PLAINTIFF : Menard, Tammy, D

**Name of Defendant's Primary Insurance Company**
(if known): None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-
VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:

Do you or your client need any disability accommodations? NO
    If yes, please identify the requested accommodation:

Will an interpreter be needed? NO
    If yes, for what language:

Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/30/2019
Dated

/s/ PAUL ANTHONY SOCHANCHAK
Signed

EXHIBIT "C"

TAMMY D. MENARD

|||||||||||||||||||||||||||||||||||||||||||

Plaintiff

20200106142136

vs

Superior Court Of New Jersey

WHITE GOLD TRANSPORT, INC., ET AL

GLOUCESTER Venue

Defendant

Docket Number: GLO L 1536 19

**Person to be served** (Name and Address):
WHITE GOLD TRANSPORT, INC.
3389 CATHEDRAL CIRCLE
STOCKTON CA 95212
By serving: WHITE GOLD TRANSPORT, INC.

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Attorney: PAUL A. SOCHANCHAK, ESQ.

Cost of Service pursuant to R. 4:4-3(c)

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, DEMANDS, CERTIFICATION

$ _____ . _____

**Service Data:**   [X] Served Successfully     [ ] Not Served

Name of Person Served and relationship/title:

Date/Time:   1/09/2020

[ ] Delivered a copy to him/her personally

SURINDER KAUR

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

AUTHORIZED TO ACCEPT

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX: F    AGE: 75    HEIGHT: 5'4"    WEIGHT: 170 POUNDS   SKIN: MIDDLE EASTERN HAIR: BROWN OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:                 Date/Time: _____
                                    Date/Time: _____
                                    Date/Time: _____

Other:

O. GONZALEZ
COMM. # 2136939
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES JAN. 29, 2020

**Served Data:**
Subscribed and Sworn to me this

I,  BRUCE HAMMOND

10    day of  JANUARY    , 20 20

was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

Notary Signature: _____

O. GONZALEZ                    01-29-2020
Name of Notary        Commission Expiration

Signature of Process Server              01 / 10 / 2020
                                                Date

Name of Private Server: B. HAMMOND          Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

EXHIBIT "D"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| TAMMY D. MENARD, | |
| Plaintiff, | |
| v. | Civil Action No.: |
| WHITE GOLD TRANSPORT, INC.; PRABHJOT KAUR; JOHN DOE(S) (1-10); JOHN ROE(S) (1-10); JOHN MOE(S) (1-10); JOHN HOE(S) (1-10) (fictitious names), | |
| Defendants. | |

## ANSWER AND DEFENSES OF DEFENDANTS, WHITE GOLD TRANSPORT, INC. AND PRABHJOT KAUR

Defendants, White Gold Transport, Inc. and Prabhjot Kaur (hereinafter referred to as "Defendants" or "White Gold"), by way of Answer to the Plaintiffs' Complaint, hereby states:

### FIRST COUNT

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.     Denied.

4.     Denied.

5.     Admitted.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

10.     Denied.

**WHEREFORE,** Defendants, White Gold Transport, Inc. and Prabhjot Kaur, hereby demand judgment against the Plaintiff dismissing Plaintiff's Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## SEPARATE DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted, and Defendants reserve the right to move to dismiss.

2.      The Complaint is barred by the applicable statute of limitations and/or statute of repose governing such claims.

3.      The incidents complained of were caused by third parties over whom Defendants had no control.

4.      If Plaintiff sustained injuries or damages, those injuries or damages were proximately caused by the superseding intervening actions of others.

5.      Defendants breached no duty to any party herein.

6.      Plaintiff's claims are barred by the doctrine of laches.

7.      Plaintiff's claims are barred by the doctrine of waiver.

2

8.      Plaintiff's claims are barred by the doctrine of unclean hands.

9.      Plaintiff's claims are barred by the doctrine of estoppel.

10.     Plaintiff's claims are barred by the doctrine of joint enterprise.

11.     Plaintiff's claims are barred, in whole or in part, by the entire controversy doctrine. R. 4:30A.

12.     Without admitting any liability herein, and without admitting that Plaintiff has suffered any damages at all, Plaintiff failed to take reasonable steps to mitigate damages, if any.

13.     Defendants complied with all applicable and existing state and federal statutes and regulations and industry standards.

14.     Plaintiff's claims are barred or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

15.     Plaintiff's claims are barred or diminished and reduced by the Collateral Source Rule, as set forth in N.J.S.A. 2A:15-97.

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks the requisite standing to proceed with this litigation.

17.     This action is barred, in whole or in part, by Plaintiff's failure to join a party without whom the action cannot proceed pursuant to R. 4:28-1.

18.     Defendants deny any claim for strict liability, if any.

19.     Defendants deny any claim for compensatory damages.

20.     Defendants deny any claim for punitive damages.

21.     Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

22.     Service of process was insufficient and/or improper and Plaintiff's claims should be dismissed accordingly.

23.     Plaintiff's claims are barred, in whole or in part, by F.R.C.P. 11 (b), and, as present, is frivolous, improper, intended to harass, is unwarranted, baseless and is lacking in evidentiary support, and, as a result, Defendants are entitled to sanctions.

3

## REQUEST FOR STATEMENT OF DAMAGES

1.    You are hereby requested and required to furnish to the undersigned within five (5) days, a written statement of the amount of damages claimed.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, Marc R. Jones, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury as to all issues.

## CERTIFICATION

The matter in controversy is not the subject to any other known action pending in any Court, or of a known or contemplated arbitration proceeding.  There are no other parties known who should be joined in this action.

**CIPRIANI & WERNER, P.C.**

MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendants – White Gold Transport, Inc. and Prabhjot Kaur
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com

DATED:    January 31, 2020